FIRST SELECTMAN OF THE TOWN OF RIDGEFIELD
ET AL. *v.* FREEDOM OF INFORMATION
COMMISSION ET AL.
(AC 19929)

Hennessy, Zarella and Peters, Js.

Argued May 3—officially released September 19, 2000

*J. Allen Kerr, Jr.,* for the appellants (plaintiffs).

*Victor R. Perpetua,* appellate attorney, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellee (named defendant).

*Opinion*

HENNESSY, J. The plaintiffs[1] appeal from the judgment of the trial court affirming in part[2] an order of the defendant freedom of information commission (commission)[3] directing the plaintiffs to release to the individual defendants the personnel evaluations of various nonunion employees of the town of Ridgefield (town). We affirm the judgment of the trial court.

The following facts before the trial court were undisputed. The defendants Scott Clark, Amy Kertesz and Michael Gates, all police officers of the town and members of the defendant Ridgefield Police Union, requested the performance evaluations of nonunion town employees. In response to the request for the evaluations, the town notified the individual employees, sixteen of whom filed timely objections to the disclosure of the evaluations. The town then refused to provide the records,[4] and those requesting the records filed

[1] In addition to the named plaintiff, the first selectman of the town of Ridgefield, sixteen employees of the town were granted intervenor status by the defendant freedom of information commission. We refer to them collectively as the plaintiffs.

[2] The court affirmed the decision of the defendant freedom of information commission (commission) "except as it references and enters any order or finding relating to the alleged nondisclosure by the plaintiff town of evaluations of persons who did not object to their disclosure." The case was remanded to the commission pursuant to General Statutes § 4-183 (k) "for deletion of such portions of its order." The order of the commission upheld by the court, as to the disclosure of the evaluations of the objecting employees, is the sole subject of this appeal.

[3] In addition to the commission, Scott Clark, Amy Kertesz, Michael Gates and the Ridgefield Police Union are defendants in this matter.

[4] General Statutes § 1-214 provides in relevant part: "(b) Whenever a public agency receives a request to inspect or copy records contained in any of its employees' personnel or medical files and similar files and the agency reasonably believes that the disclosure of such records would legally constitute an invasion of privacy, the agency shall immediately notify in writing (1) each employee concerned, provided such notice shall not be required to be in writing where impractical due to the large number of employees concerned and (2) the collective bargaining representative, if any, of each employee concerned. Nothing herein shall require an agency to withhold from disclosure the contents of personnel or medical files and similar files

an appeal with the commission. The commission, after hearing the matter, ordered the town to provide the defendants with a copy of the personnel evaluations of the nonunion employees as requested. The plaintiffs appealed from the ruling of the commission to the trial court, which dismissed the appeal finding that the plaintiffs failed to prove that the disclosure of the contents of the appraisals would be "highly offensive to a reasonable person."

The plaintiffs have appealed from the court's judgment upholding the disclosure, claiming that the court improperly concluded that the disclosure of the requested personnel evaluation records would not constitute an invasion of privacy within the meaning of General Statutes § 1-210 (b) (2).[5] We disagree.

The Freedom of Information Act "makes disclosure of public records the statutory norm." *Hartford* v. *Freedom of Information Commission,* 201 Conn. 421, 430, 518 A.2d 49 (1986). Section 1-210 (b) (2) provides an exception that prohibits the disclosure of "personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy." General Statutes § 1-210 (b) (2). "The standard that determines whether a claim of exemption qualifies as 'an invasion of privacy' under § 1-19 (b) (2) [the predecessor to § 1-210 (b) (2)] is the test set forth in *Perkins* v. *Freedom of Information Commission,* [228 Conn. 158, 635 A.2d 783 (1993)]." *Dept. of Public Safety* v. *Freedom*

when it does not reasonably believe that such disclosure would legally constitute an invasion of personal privacy.

"(c) A public agency which has provided notice under subsection (b) of this section shall disclose the records requested unless it receives a written objection from the employee concerned or the employee's collective bargaining representative . . . ."

[5] General Statutes § 1-210 (b) provides in relevant part: "Nothing in the Freedom of Information Act shall be construed to require disclosure of . . . (2) Personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ."

*of Information Commission,* 242 Conn. 79, 84, 698 A.2d 803 (1997). The invasion of personal privacy exception of § 1-210 (b) (2) "precludes disclosure . . . only when the information sought by a request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person." *Perkins* v. *Freedom of Information Commission,* supra, 175.

The court found that the plaintiffs demonstrated that the evaluations were conducted in confidential circumstances that made them "not legitimate subjects of public interest." As to the remaining criteria for the exemption, that is, whether the disclosure would be highly offensive to a reasonable person, the court found that the plaintiffs failed to show that the disclosure of the information within the evaluations would be highly offensive.

The plaintiffs claim on appeal that despite the fact that the evaluations contain nothing of a "scandalous, embarrassing or humiliating nature," they contain the customary give and take common to such evaluations given in confidence, and a breach of that confidence is highly objectionable to them. To support their position, the plaintiffs cite *Chairman* v. *Freedom of Information Commission,* 217 Conn. 193, 585 A.2d 96 (1991), in which our Supreme Court determined that the disclosure of internal personnel evaluations of a state's attorney would constitute an invasion of privacy. In *Chairman,* the court based its decision in part on the fact that the disclosure of the evaluations "would carry significant potential for embarrassment"; id., 199–200; as the evaluations described "such personal matters as the plaintiff's 'aptitude, attitude, basic competence . . . trustworthiness, ethics, [and] interpersonal relationships . . . .' " Id., 199.[6]

---

[6] We need not decide in this opinion whether the holding of *Chairman* v. *Freedom of Information Commission,* supra, 217 Conn. 193, was modified by the subsequent holding of *Perkins* v. *Freedom of Information Commission,* supra, 228 Conn. 158.

In the present case, the plaintiffs have not put forth any evidence to establish that the disclosure of the evaluations would be highly offensive to a reasonable person. See *Perkins* v. *Freedom of Information Commission*, supra, 228 Conn. 175. Indeed, the plaintiffs concede that nothing in the evaluations is embarrassing or humiliating. The plaintiffs have not met their burden under the statute and, therefore, they may not prevent disclosure of the requested evaluations by virtue of the exemption contained in § 1-210 (b) (2).

The judgment is affirmed.

In this opinion the other judges concurred.